THOMAS P. WICKES, Respondent, v. EDWARD S. HATCH and Others, Appellants, Impleaded with GEORGE C. LAY.

*Partnership accounting — the court has not power, on motion, to pass upon the question whether a certain chose in action is partnership or individual property.*

An action brought by one member of a firm of attorneys against his copartners, to obtain an accounting of all the partnership affairs, resulted in a decision directing the entry of an interlocutory judgment for an accounting before a referee. Prior to the entry of the judgment the plaintiff partner obtained, upon motion, an order permanently enjoining the defendant partners from in any way interfering with or asserting any interest in the plaintiff's claim for compensation for services rendered in an action in which the plaintiff acted as counsel. · The plaintiff claimed that he was entitled to such compensation individually and the defendants claimed that such compensation was a partnership asset.

*Held*, that the order was erroneous, as the court had no power, upon motion, to pass upon or determine the question involved therein.

APPEAL by the defendants, Edward S. Hatch and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of March, 1905, enjoining the said defendants from asserting any claim to a certain fund.

*Lewis L. Delafield*, for the appellants.

*Thomas P. Wickes*, for the respondent.

McLAUGHLIN, J. :

The parties hereto were formerly copartners engaged in the practice of law and this action is brought to secure an accounting of the partnership affairs. The judgment demanded is, in substance, that an account be taken of all the dealings and transactions of the partnership from the commencement to the termination thereof; that a receiver be appointed; the property sold and the proceeds, after the payment of debts and liabilities, divided between the partners according to their respective rights.

After issue had been joined, the action was brought to trial at Special Term, and at the conclusion thereof the learned justice

directed the entry of an interlocutory judgment for an accounting before a referee to be named therein. Before such judgment had been entered, plaintiff made a motion to permanently enjoin the defendants from in any manner interfering with or asserting any interest in a claim of the plaintiff for compensation in an action in which he acted as counsel. In pursuance of an order of the court, before the hearing of the motion, plaintiff collected the same and deposited with the chamberlain of the city of New York the sum of $3,265 to the credit of the action. After the hearing of the motion the court ordered that the defendants be " enjoined and restrained from interfering in any manner with the collection by the above-named plaintiff of the compensation earned by and payable " to him in the action named and that the defendants be enjoined and restrained " from directly or indirectly asserting any claim thereto, or to any part thereof." Defendants appeal from this order.

It requires but a slight consideration of the claim referred to to show that the order is erroneous. The plaintiff acted as counsel in the trial of an action in the Supreme Court, and also in the argument of an appeal from the judgment recovered in that action, which was reversed by the Court of Appeals and a new trial ordered. On such new trial he also acted as counsel, and by reason of the services rendered by him became entitled to receive certain compensation which he claims belongs to him personally and not to the firm, dissolution of which is sought. The defendants claim that such compensation or some part of it belongs to the firm. It thus appears that each party asserts a claim to or interest in the fund, and while it might seem from the affidavits used that it belongs to the one or the other, nevertheless, the court, upon a motion, had no power to pass upon or determine such question. Indeed, the very purpose of the action is to determine this and similar questions, to the end that the rights of the parties may be determined after a trial had in which each will be afforded an opportunity to offer such proof as he may be advised, and the right to cross-examine witnesses produced against him. If this question could be determined upon affidavits, then every question growing out of the partnership affairs could be determined in the same way. That this is the effect of the order appealed from cannot be doubted

since it permanently enjoins the defendants from directly or indirectly asserting any claim to this fund. This, of course, prevents their offering any evidence before the referee to the effect that the fund is an asset of the partnership in which, by reason thereof, they have an interest.

As already said, the claim has been collected, and, under an order of the court, has been deposited with the chamberlain to the credit of the action, where we think it should remain until the rights of the respective parties therein shall be ascertained by the final judgment, and that upon the hearing before' the referee each party should be afforded an opportunity of showing to whom the fund belongs.

The order appealed from, therefore, should be modified by striking therefrom all provisions which in any way enjoin or restrain the defendants from establishing that such fund or any part of it belongs to the firm, and inserting a provision to the effect that the fund deposited with the chamberlain shall there remain until the rights of the respective parties to the action have been ascertained by the final judgment, and until the further order of the court, and as thus modified affirmed, without costs to either party.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs.